IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  07-cv-02670-WYD-BNB

DR. MERVYN JACOBSON, a citizen of Australia,

    Plaintiff,

v.

XY, INC., a Colorado corporation;
INGURAN LLC, a Delaware limited liability company; and
TODD COX, an individual residing within the State of Colorado,

    Defendants.

## ORDER

I.    INTRODUCTION

THIS MATTER is before the Court on the Motion for Summary Judgment on All Claims Against Dr. Mervyn Jacobson, XY, Inc. and Inguran LLC, filed April 10, 2009 [#82] by Plaintiff Dr. Mervyn Jacobson ("Dr. Jacobson"), and Defendant XY, Inc. ("XY") and Defendant Inguran LLC ("Inguran").  Dr. Jacobson, XY, and Inguran are collectively referred to herein as "the Movants."

II.    BACKGROUND

In this fraud and breach of contract case, Dr. Jacobson brought multiple claims for relief against the Defendants XY, Inguran and Todd Cox.  Dr. Jacobson, XY and Inguran have settled the disputes between them, and on September 15, 2008, I issued an Order of Dismissal that dismissed all the claims and counterclaims by and among Dr. Jacobson and Defendants XY and Inguran with prejudice.  *See* Order [#57].  The only

claims now remaining in this case are those asserted by Dr. Jacobson against Defendant Cox for declaratory judgment and fraud, as well as Defendant Cox's counterclaim for fraud against Dr. Jacobson, and his cross-claim for declaratory judgment against Dr. Jacobson and XY.  *See* Amended Complaint [#35] at ¶¶ 57-58, 64-66; Answer, Counterclaims and Cross-Claims of Todd Cox [#41].  In the instant motion, the Movants seek summary judgment as to the counterclaim and cross-claim asserted against them by Defendant Cox.

Voluminous facts have been asserted by the Movants in connection with the summary judgment motion and briefing.  I will briefly summarize those facts which I deem pertinent to my ruling.  I have, however, construed all of the facts in the light most favorable to the Movants as I must for purposes of this summary judgment motion.  *See Carolina Cas. Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008).

Defendant XY is a Colorado corporation whose business includes technologies utilized in the field of animal husbandry.  Dr. Jacobson was CEO and Chairman of the Board of XY from its inception until the Spring of 2007.  Defendant Cox was an employee of XY from August, 2001 to September, 2006.  According to Dr. Jacobson, all employees of XY, including Defendant Cox, were expected to invent new technologies and improve upon existing ones, and any inventions conceived during one's employment with XY would be owned by XY and assigned to XY.

Following a trip to Australia, Defendant Cox shared with Dr. Jacobson his idea for a new undeveloped technology, referred to by the parties as the "Mulesing Technology," which involves a modified laser hair removal system for use in the wool industry.  Dr.

Jacobson then stated that Defendant Cox would be the "point man" for the Mulesing Technology project. Over the next several months, Defendant Cox worked to further develop the Mulesing Technology. According to Dr. Jacobson and XY, while Defendant Cox is listed as an inventor on patent applications involving the Mulesing Technology, the technology is owned exclusively by XY. XY's ownership is reflected in two assignments of the technology executed by Defendant Cox in 2005 and 2006 for acknowledged consideration. Conversely, Defendant Cox contends that he is the sole inventor of the Mulesing Technology, and that the patent applications and the technology they embodied were never the exclusive property of XY because he invented the technology outside the scope of his employment with XY. He contends that he altered the 2005 assignment to reflect a different amount of consideration, and that there was no meeting of the minds with respect to the 2005 and 2006 assignments because he did not sign those assignment under the same terms contemplated by XY.

In May, 2007, Dr. Jacobson sold his stock in XY to Inguran. Defendant Cox then claimed that XY owed him $500,000 in connection with his assignment of the Mulesing Technology. Dr. Jacobson contends that this claim was fraudulent and resulted in damages when Inguran declined to timely release certain, and placed those funds in escrow to cover indemnity claims, including Defendant Cox's claim. Dr. Jacobson asserts a claim against Defendant Cox for fraud and requests a declaration that the Mulesing Technology, including the patent applications and patents, are and always have been owed exclusively by XY.

Defendant Cox asserts a counterclaim against Dr. Jacobson for fraud, based on

allegations that Dr. Jacobson falsely represented to him that the development and commercialization of the Mulesing Technology would be an endeavor taken on by the two of them and that XY would have no interest in the same. In addition, Defendant Cox asserts a crossclaim against XY and Dr. Jacobson seeking a declaration that the assignments of the Mulesing Technology executed in 2005 and 2006 are invalid, and that he is the true owner of the Mulesing Technology and all related patent applications. XY and Dr. Jacobson contend that Defendant Cox's claims are bared by estoppel, waiver, and laches.

III.   ANALYSIS

   A.   <u>Summary Judgment Standard</u>

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *E.E.O.C. v. Horizon/ MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead bring forward "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party. *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584, 590 (10th Cir. 1999). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.  Whether Summary Judgment is Proper:

A party attempting to establish fraud must prove the following elements: (1) a false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact, that in equity and good conscience should be disclosed; (2) knowledge on the part of the one making the representation that it is false; (3) ignorance on the part of the one to whom representations are made of the falsity of the representation or of the existence of the fact concealed; (4) the representation or concealment was made or practiced with the intention that it shall be acted upon; and (5) the representation or concealment resulted in damage. *Kinsey v. Preeson*, 746 P.2d 542, 500 (Colo. 1987). In the instant case, Dr. Jacobson and XY argue that Defendant Cox cannot show the existence of a genuine fact in connection with the first element, "a false representation of material fact," and that he cannot demonstrate the existence of any damages.

I find that Defendant Cox has demonstrated through his Response to the Movants' Alleged Disputed Material Facts that there are genuine issues of material fact regarding the representations made by Dr. Jacobson, the circumstances under which

Defendant Cox undertook development of the Mulesing Technology and the circumstances under which he executed the 2005 and 2006 assignments.

Dr. Jacobson and XY contend that all employees at XY were expected to invent new technologies and improve upon existing ones, and that Defendant Cox was directed to develop the Museling Technology for XY.  An employee hired to invent is obliged to assign to the employer any patents granted to him which pertain to his employment. *See Solomons v. United States*, 137 U.S. 342, 346 (1890).  However, Defendant Cox insists that he undertook development of the Museling Technology outside of his duties for XY.  While Defendant Cox admits that Dr. Jacobson stated he would be the "point man" on the Mulesing Technology project, he testified in his deposition that Dr. Jacobson told him "multiple times" that development of the Mulesing Technology would be a "Todd/Mervyn" project implying that "it was not an XY project," and that Dr. Jacobson "was very clear about this."  Cox Depo. at 57:2-20; 60:2; 247:14-22.

Defendant Cox further testified that he met with Dr. Jacobson at his ranch near Fort Collins to "discuss the partnership that he and I were developing concerning the ownership of the mulesing technology," which included a discussion concerning splitting ownership of the technology.  Cox Depo. at 68:6-69:1.  While XY paid for a laser and lambs purchased to conduct testing of the Mulesing Technology, Defendant Cox testified that he did all development work concerning the project at a location other than XY property.  Finally, Dr. Jacobson admits that he did not know of any written directive explaining XY's policy of inventing and assignment, and that the Mulesing Technology is

unrelated to the "Sexing" technology at the core of XY's business. Jacobson Depo. at 9:20-10:22; 11:21-12:10; 82:4-21; 18:13-18. Construing these facts in the light most favorable to Defendant Cox, a genuine issue of fact exists regarding whether Defendant Cox's development of the Mulesing Technology was related to his employment with XY.

In regard to the assignments of the technology, Defendant Cox testified that he changed the amount of consideration on the patent assignment documents from $10 to $500,000 to "create an insurance policy to make sure that nobody would try to screw me of the ownership of this technology . . . ." Defendant Cox state that "when [Dr. Jacobson] asked the lawyers to have me do this assignment, that didn't set [sic] well with what he and I had discussed many times before . . . I thought that by changing it to say $500,000 instead of $10 that should [Dr. Jacobson] try to screw me out of this patent, then I would have and insurance card to say, no you can't because this money is owed to me." Cox Depo. at 125:9-126:2. Accordingly, I find that there are genuine issues of material fact concerning the enforceability of the assignments executed by Defendant Cox, as well as the Movant's fact intensive affirmative defenses of estoppel, waiver, and laches.

Because each of Defendant Cox's claims is premised upon allegations that he developed the Mulesing Technology outside of the scope of his employment with XY, and that the assignments he executed are invalid or unenforceable, and because Defendant Cox has demonstrated that genuine issues of material fact exist with respect to these issues, summary judgment is not appropriate. Mt. Sum. J. at 11.

III.     CONCLUSION

Based upon the foregoing, it is hereby

ORDERED that the Motion for Summary Judgment on All Claims Against Dr. Mervyn Jacobson, XY, Inc. and Inguran LLC, filed April 10, 2009 [#82] is **DENIED**.

Dated:  August 19, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge