IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action Number: 07-cv-02670-WYD-BNB

DR. MERVYN JACOBSON, a Citizen of Australia

 Plaintiff,

XY, INC. a Colorado corporation, and
TODD COX, an individual residing within the State of Colorado,

 Defendants.

---

ORDER

---

I. Introduction and Background:

 THIS MATTER is before the Court on Defendant XY, Inc.'s Rule 50(b) Motion for Judgement as a Matter of Law, or, in the Alternative, Rules 52(b) and 59(e) Motion to Amend Conclusions of Law and Judgment on Declaratory Judgment Claims, or, in the Alternative, Rule 59(a) Motion for a New Trial, filed January 20, 2010 [#161]; Plaintiff Dr. Mervyn Jacobson's Motion (1) for Judgment on Defendant Todd Cox's Counterclaim of Civil Fraud Notwithstanding the Verdict Pursuant to Fed. R. Civ. P. 50(b); (2) or, in the Alternative, to Amend Conclusions of Law on Declaratory Judgment Claims and Judgment Under Rules 52(b) and 59(e); (3) of also in the Alternative, for a New Trial Pursuant to Fed. R. Civ. 59(a), filed January 20, 2010 [#159]; and Defendant XY, Inc.'s Rule 52(b) Motion to Add or Amend Findings of Fact, filed January 20, 2010 [#160].

 By way of background, I note that this case came before the Court on a jury trial held the week of September 21, 2009. Prior to trial, the only claims remaining in the

case were (1) Plaintiff Dr. Mervyn Jacobson's ("Dr. Jacobson") fraud claim against Defendant Todd Cox; (2) Defendant Todd Cox's fraud counterclaim against Dr. Jacobson; and (3) Defendant Cox's cross-claim for declaratory judgment against Defendant XY, Inc. ("XY") concerning ownership of the Mulesing Project technology. The parties agreed that the jury would decided the fraud claims, and that the Court would then resolve the declaratory judgment claim. On September 24, 2009, the jury returned a verdict finding that Dr. Jacobson had proven his claim of fraud by deceit against Mr. Cox by a preponderance of the evidence and awarding Dr. Jacobson $5,000.00 in damages. The jury also found that Mr. Cox had proven his counterclaim of fraud by deceit against Dr. Jacobson by a preponderance of the evidence, and that Dr. Jacobson had not proven his affirmative defenses of waiver or laches, and awarded Mr. Cox $85,000.00 in damages. Finally, the jury found that Mr. Cox's job duties did not include the responsibility for inventing and, more specifically, that his job duties did not include the responsibility for developing an alternative to the Mulesing procedure.

Based on these findings, and the evidence presented during the trial, I issued findings of fact and conclusions of law on Mr. Cox's cross-claim for declaratory judgment concerning ownership of the Mulesing Project technology. Those findings of fact and conclusions of law are incorporated herein by reference. *See* docket #154, November 20, 2009. Therein, I concluded that Mr. Cox was not required to assign the Mulesing Project technology to XY, and that Mr. Cox was entitled to rescind his 2005 and 2006 Assignments of the technology. I further concluded that Mr. Cox is the sole, exclusive, and rightful owner of the Mulesing Project technology and the corresponding

intellectual property rights, including all related patent applications. Judgment entered on December 23, 2009, in accordance with the verdict.

II     Analysis:

    A.     Dr. Jacobson's Motion

I first address Dr. Jacobson's motion. Dr. Jacobson moves for judgment as a matter of law on Mr. Cox's counterclaim for civil fraud, pursuant to Fed. R. Civ. P. 50(b). In the alternative, Dr. Jacobson requests that I amend the conclusions of law as to the declaratory judgment claim pursuant to Rules 52(b) and 59(e), or grant a new trial pursuant to Rule 59(e).

In deciding a motion for judgment as a matter of law under Rule 50, "[a]ll reasonable inferences are drawn in favor of the nonmoving party and th[e] court does 'not make credibility determinations or weigh the evidence.'" *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1280 (10th Cir. 2005). "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Id.* (quoting *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)). Judgment as a matter of law must be denied where there is a legally sufficient evidentiary basis for the non-movant's claim. *Aquilino v. University of Kansas*, 268 F.3d 930, 933 (10th Cir. 2001).

Dr. Jacobson contends that Mr. Cox failed to prove his claim for fraud and that he failed to present competent evidence of any fraudulent statement, failed to present evidence that Mr. Cox relied on any fraudulent statement, and failed to present evidence of actual, cognizable, damages flowing from any fraudulent statement. I agree

that Mr. Cox failed to present legally sufficient evidence that Dr. Jacobson's fraudulent statements caused him damages.

To recover damages a plaintiff must prove with reasonable certainty that a loss occurred and that the opposing party's actions were the cause of that loss. *Hertz Corp. v. Gaddis-Walker Elec., Inc.*, 125 F.3d 862, 1997 WL 606800 *2 (10th Cir. 1997). Under Colorado law actual damages are an element of a plaintiff's cause of action in a claim for deceit based on fraud. *Western Cities Broad, Inc. v. Schueller*, 849 P.2d 44 (Colo. 1993); *Greene v. Thomas,* 662 P.2d 491, 495 (Colo. App. 1982) (liability for fraud cannot be established without first establishing the existence of damages). For damages to be recoverable, they must have been a proximate result of the plaintiff's reliance on the false representation. *Intermountain Lumber Co. v. Radetsky*, 75 Colo. 570, 222 P. 564 (1924); *Flora v. Hoeft*, 71 Colo. 273, 206 P. 381 (1922).

Mr. Cox's fraud claim was premised on his assertion that Dr. Jacobson made a false representation of material fact regarding the 2005 and 2006 Assignments, and that Mr. Cox was damaged as a result of that false representation. At trial, Mr. Cox presented evidence that at the time he executed the Assignments, he justifiably relied on Dr. Jacobson's material representations that development of the Mulesing Project technology would be a "Todd/Mervyn thing" as opposed to a project Mr. Cox would undertake as an employee of XY. He also presented evidence that he would not have worked on the Mulesing Project technology if he believed he was required to assign the technology to XY for ten dollars. The reasonable inference to be drawn from this evidence is that Mr. Cox believed that he had an interest in the Mulesing Project

technology. However, the only evidence Mr. Cox presented regarding damages is his testimony that he was "personally damaged" and that he has in that taken out "personal loans from friends and family to the amount of $67,000 to help cover my cost of living and legal expenses." *See* Trial Transcript, p. 294, ln. 18-22. In addition, Mr. Cox testified "My wife and I have had to take on a roommate in our house. We're not able to afford our own mortgage. I've been in the hospital three different times in the last two years for stomach problems. . . . And I'll let the jury decide what they think the value of the technology is and how the damage - -." *See* Trial Transcript, p. 295, ln. 4-9. Essentially, Mr. Cox testified that he incurred debts in the form of living expenses and attorneys fees in the amount of $67,000.00.

As an initial matter, I note that Mr. Cox did not specify how much of the $67,000 loan was obtained to cover his attorneys' fees in this lawsuit, and how much was obtained to cover other "living expenses." The American rule generally provides that, "[i]n the absence of a statute or private contract to the contrary, attorneys fees and costs are not recoverable." *Bunnett v. Smallwood*, 793 P.2d 157 (Colo. 1990) (en banc); *Hedgecock v. Stewart Title Ins. Co.*, 676 P.2d 1208, 1211 (Colo. App. 1983). Mr. Cox has not cited any legal theory under which he would be entitled to seek attorneys' fees as actual damages in connection with his fraud claim. Even assuming that some portion of the $67,000 loan was used for "living expenses," it is not clear what "living expenses" Mr. Cox is referring to other than his mortgage payments, and Mr. Cox did not present any evidence as to the amount of his mortgage payments during the relevant time frame. In addition, Mr. Cox did not present any evidence of economic loss

resulting from stress or other health problems. Most significantly, there is simply no evidence in the record to tie Mr. Cox's need to obtain a loan for "living expenses" to his reliance on Dr. Jacobson's statement that the Mulesing Project would be a "Todd/Mervyn thing."

In his response to the instant motion Mr. Cox asserts that in addition to his testimony about living expenses, he also testified about the interest shown in the Mulesing Project technology by other third parties, and that "the jury could observe that all the parties were placing great value on the technology by the very fact that they were contesting ownership of it." Here, Mr. Cox seems to assert that his measure of damages should be tied to the value of the technology. However, there was no evidence presented regarding the value of the Mulesing Project technology, and the parties stipulated that no one had "undertaken a formal evaluation of damages, the consideration Mr. Cox received and/or the value of what he claims to have lost." *See* Jury Instruction No. 5(a)(43).

Mr. Cox contends that under Colorado common law, uncertainty as to the exact amount of damages does not preclude recovery. *See Peterson v. Colorado Potato Flake & Mfg. Co.*, 435 P.2d 237 (Colo. 1967); *Donahue v. Pikes Peak Auto Co.*, 372 P.2d 443 (Colo. 1962). However, it is also clear that "damages based on mere speculation and conjecture are not allowed." *Sonoco Products Co. v. Johnson*, 23 P.3d 1287, 1289 (Colo. App. 2001). This is not a case where it was difficult or impossible to ascertain the amount of damages with mathematical certainty; here, Mr. Cox simply failed to prove that he suffered any damages that were the proximate result of his

reliance on the alleged false representations.  *See Intermountain Lumber Co., supra*; *Flora*, *supra*.  Because actual damages are a necessary element of a plaintiff's cause of action in a claim for deceit based on fraud, and because Mr. Cox failed to establish the existence of damages, I must grant Dr. Jacobson's motion for judgment as a matter of law on Mr. Cox's counterclaim for civil fraud, pursuant to Fed. R. Civ. P. 50(b). Accordingly, Mr. Cox's counterclaim for civil fraud is dismissed.

Because I have determined that Mr. Cox's counterclaim must be dismissed, I need not address Dr. Jacobson's alternative argument that the damage award constitutes a double recovery, or his argument the jury verdict's are inconsistent, requiring a new trial pursuant to Rule 59(e).

B. <u>XY's Motion</u>

I now turn to XY's motion for judgment as a matter of law, or in the alternative, motion to amend conclusions of law and judgment on declaratory judgment claims, or in the alternative, motion for a new trial.

As an initial matter, I note that I need not address XY's contention that the judgment entered in this case is based on an inconsistent jury verdict because the jury's findings of fraud in favor of both Dr. Jacobson and XY are in conflict.  First, it appears that XY does not have standing to contest the jury's findings as to fraud claims that it neither asserted or defended against.  Second, because I have already determined that Dr. Jacobson is entitled to judgment as a matter of law as to Mr. Cox's fraud counterclaim, this issue is moot.  For this same reason, I need not address XY's contention that Mr. Cox is not entitled to double recovery, or its assertion that there is no

legally sufficient evidence to support a finding that Dr. Jacobson fraudulently induced Mr. Cox into executing the 2005 and 2006 assignments and that the jury's finding of fraud is clearly against the weight of the evidence.

To the extent that XY is asserting that I improperly relied on the jury's finding that Dr. Jacobson made false representations to Mr. Cox regarding the Assignments as a basis for concluding that Mr. Cox was entitled to rescind the 2005 and 2006 Assignments, I reject this contention. Pursuant to the jury instructions, in order to find Dr. Jacobson liable for fraud, the jury necessarily found that Dr. Jacobson made false representations regarding the Assignments, that these representations were material, that at the time he made the representations Dr. Jacobson knew they were false, that he intended Mr. Cox would rely on the representations, and that Mr. Cox justifiably relied on the representations. These findings are supported by evidence in the record. Consistent with these findings, I concluded that Mr. Cox had been fraudulently induced to enter the Assignments and, therefore, he had the right to rescind the Assignments. Contrary to XY's assertion, the statement in my Findings of Fact and Conclusions of Law noting that "Dr. Jacobson was CEO and Chairman of the Board of XY at the time he made the alleged misrepresentations," is not a finding that XY is vicariously liable for Dr. Jacobson's fraud. This statement merely highlights evidence supporting the jury's conclusion that Mr. Cox's reliance on Dr. Jacobson's representations was reasonable under the circumstances. I reject XY's contention that it is entitled to declaratory judgment as a matter of law.

I next turn to XY's assertion that the jury's and Court's findings regarding Mr.

Cox's job duties are not supported by sufficient evidence and are against the great weight of the evidence. In order to prevail on a request for a new trial based on a contention that the jury did not properly consider the evidence or that the verdict is contrary to the evidence, the plaintiff has to show that "the jury's verdict was so against the weight of the evidence as to be unsupportable." *Bangert Bros. Const. Co. v. Kiewit Western Co.*, 310 F.3d 1278, 1299 (10th Cir. 2002).

Here, there was evidence introduced at trial that Mr. Cox was hired by XY to work on the flow cytometer, and that the Mulesing Project technology was not related to XY's business, which included technologies related to high speed cell sorting and sex selection to control the sex of offspring in livestock. In addition, there was evidence that Mr. Cox was not hired to invent the Mulesing Project technology and that he was not assigned to work on that project as an employee of XY. Moreover, the jury was entitled to accept Mr. Cox's testimony that Dr. Jacobson informed him that development of the technology would be a "Todd/Mervyn" project, and would not be a project undertaken as part of Mr. Cox's employment with XY. Considering the evidence presented, and drawing all reasonable inferences in favor of Mr. Cox, I find that neither the jury's nor the Court's findings were against the weight of the evidence. I find no reason to revise my previous conclusions, and I deny XY's motion for a new trial or judgment as a matter of law on this issue.

XY next contends that, in addition to evidence of the 2005 and 2006 Assignments, it presented evidence of two other assignments of the Mulesing Project technology executed by Mr. Cox that are valid and enforceable. Here, XY points to a

statement made by its attorney, Luke Santangelo, who testified that Mr. Cox executed two additional assignments of the Mulesing Project technology - one for Argentina and one for Chile. Mr. Santangelo did not testify as to the dates these alleged assignments were executed, and it does not appear that the assignments themselves were offered as evidence. In addition, I note that in the parties' final pre-trial order the only two assignments referenced with respect to the Mulesing Project technology are the February 2005 Assignment, and the February 2006 Assignment. *See* Final Pretrial Order [#90], p. 6. In addition, XY does not discuss the legal significance of these additional assignments in its motion for summary judgment. In any event, I find that Mr. Cox is entitled to rescind any additional assignments for the same reasons he is entitled to rescind the February 2005 Assignment and the February 2006 Assignment. Therefore, XY is not entitled to revision of my finding that Mr. Cox is the owner of the Mulesing Project technology based on these two additional assignments.

Next, XY asserts that Mr. Cox is not entitled to exclusive ownership of the Mulesing Project technology because his testimony revealed that he only believed that he was entitled to a portion of the technology, and that he and Dr. Jacobson would own the technology jointly - "as partners." However, the only two parties in this case that claimed an interest in the Mulesing Project technology were XY and Mr. Cox. Dr. Jacobson did not assert an interest in the technology. XY's claim to ownership of the technology was based on its theory that Mr. Cox was required to assign the technology, as well as the validity of the 2005 and 2006 Assignments. For the reasons set forth in my Findings of Fact and Conclusions of Law, XY is not entitled to ownership of the

technology under either theory.

Next XY contends that it proved its affirmative defenses as a matter of law. I disagree. In deciding a motion for judgment as a matter of law under Rule 50, "[a]ll reasonable inferences are drawn in favor of the nonmoving party and th[e] court does 'not make credibility determinations or weigh the evidence.'" *Loughridge v. Chiles Power Supply Co., Inc.*, 431 F.3d 1268, 1280 (10th Cir. 2005). "Judgment as a matter of law is appropriate 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Id.* (quoting *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)). For the reasons set forth in my Findings of Fact and Conclusions of Law, XY is not entitled to invoke the doctrine of equitable estoppel, nor is it entitled to relief under the doctrine of laches and waiver. XY has not raised any compelling argument that would justify revision of my prior order.

Finally, I will deny XY's motion that I add or amend my Findings of Fact pursuant to Fed. R. Civ. P. 52(b). Fed. R. Civ. P. 52(b) provides that, upon motion within ten days of judgment, a trial court may amend its findings of fact or make additional findings and may amend the judgment accordingly. The purpose of such a motion is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence. *See Lyons v. Jefferson Bank & Trust*, 793 F.Supp. 989, 991 (D. Colo. 1992) (citing *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). However, a motion to amend should not be granted where the proposed additional findings of fact are not material to the district court's conclusions. *Id.*

Here, XY's requests the addition of some of the parties' stipulated facts as well

as additional facts set forth in its proposed findings of fact and conclusions of law. I find that all of the additional proposed findings of fact contain information that is irrelevant or immaterial to my Conclusions of Law. Many, if not most, of the additional facts proposed by XY relate to the issue of whether Mr. Cox's job responsibilities included the responsibility for inventing or developing an alternative to the Mulesing procedure. However, the jury made findings as to these issues via Special Verdict Questions, and those findings are incorporated in my Order. Therefore, XY's motion to add additional findings of fact will be denied. *See Lyons*, *supra*.

III. Conclusion:

For the reasons set forth herein, it is hereby

ORDERED that Plaintiff Dr. Mervyn Jacobson's Motion (1) for Judgment on Defendant Todd Cox's Counterclaim of Civil Fraud Notwithstanding the Verdict Pursuant to Fed. R. Civ. P. 50(b); (2) or, in the Alternative, to Amend Conclusions of Law on Declaratory Judgment Claims and Judgment Under Rules 52(b) and 59(e); (3) of also in the Alternative, for a New Trial Pursuant to Fed. R. Civ. 59(a), filed January 20, 2010 [#159] is **GRANTED IN PART**. It accordance therewith, it is

FURTHER ORDERED that judgment as a matter of law shall enter in favor of Dr. Jacobson as to Mr. Cox's counterclaim for civil fraud. It is

FURTHER ORDERED that Defendant XY, Inc.'s Rule 50(b) Motion for Judgement as a Matter of Law, or, in the Alternative, Rules 52(b) and 59(e) Motion to Amend Conclusions of Law and Judgment on Declaratory Judgment Claims, or, in the Alternative, Rule 59(a) Motion for a New Trial, filed January 20, 2010 [#161] is **DENIED**.

It is

FURTHER ORDERED that Defendant XY, Inc.'s Rule 52(b) Motion to Add or Amend Findings of Fact, filed January 20, 2010 [#160] is **DENIED.**

Dated: July 6, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge