IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action Number: 07-cv-02670-WYD-BNB

DR. MERVYN JACOBSON, a Citizen of Australia

    Plaintiff,

XY, INC. a Colorado corporation, and
TODD COX, an individual residing within the State of Colorado,

    Defendants.

---

ORDER

---

THIS MATTER came before the Court on Defendant XY, Inc.'s Opposed Motion to Stay Execution of Judgment and for Waiver of Supersedeas Bond, filed August 5, 2010 [ECF No. 167].

This is a fraud case that also involves an ownership dispute regarding technology called the "Mulesing Project technology." By way of background, I note that this case came before the Court on a jury trial held the week of September 21, 2009. Prior to trial, the only claims remaining in the case were (1) Plaintiff Dr. Mervyn Jacobson's ("Dr. Jacobson") fraud claim against Defendant Todd Cox; (2) Defendant Todd Cox's fraud counterclaim against Dr. Jacobson; and (3) Defendant Cox's cross-claim for declaratory judgment against Defendant XY, Inc. ("XY") concerning ownership of the Mulesing Project technology. The parties agreed that the jury would decide the fraud claims, and that the Court would then resolve the declaratory judgment claim.

On September 24, 2009, the jury returned a verdict on the fraud claims, and

found that Mr. Cox's job duties did not include the responsibility for inventing and, more specifically, that his job duties did not include the responsibility for developing an alternative to the Mulesing procedure. Based on the jury's findings, and the evidence presented during the trial, I issued findings of fact and conclusions of law on Mr. Cox's cross-claim for declaratory judgment concerning ownership of the Mulesing Project technology. *See* [ECF No. 154]. Therein, I concluded that Mr. Cox is the sole, exclusive, and rightful owner of the Mulesing Project technology and the corresponding intellectual property rights, including all related patent applications. Judgment entered on December 23, 2009, in accordance with the verdict.

XY filed post-trial motions that were denied by Order dated July 6, 2010. *See* [ECF No. 165]. On August 5, 2010, XY filed a Notice of Appeal of the declaratory judgment ruling, and the instant motion to stay. Although the motion to stay indicates that it is opposed, to date, no response in opposition has been filed.

Fed. R. Civ. P. 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . .. The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." The purpose of a supersedeas bond is to secure the appellee from loss that may result from a stay of execution. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). Normally, a full supersedeas bond in the amount of the judgment is required. *Id.* However, the district court has inherent discretional authority in setting the amount of a supersedeas bond. *Id.* When an appellant proposes an alternative to a supersedeas bond, it is the appellant's burden to

demonstrate that posting a full bond is impossible or impractical and to propose a plan that will provide adequate security for the appellee under the circumstances. *Id.* (citing *United States v. Kurtz*, 528 F.Supp. 1113, 1115 (D. Pa. 1981)).

Here, the judgment being appealed is not a monetary judgment, but a declaratory judgment ruling that Mr. Cox is the owner of the Mulesing Project technology. During trial, the parties stipulated that the Mulesing Project technology was "unproven, undeveloped, and unknown," and that "[n]o one has undertaken a formal evaluation of [the value of the technology]." *See* [ECF No. 142, p. 10-11]. It appears that the technology is not on the market and is currently in the patent application process. Because of the difficulty in establishing a market value for the technology, XY proposes that in lieu of posting a supersedeas bond to stay enforcement of the judgment, XY will agree "not to sell, transfer, encumber, or otherwise dispose of the Mulesing Project technology and related patent applications," and to "keep Mr. Cox apprised of any material developments involving the patent applications." XY contends that any delay in transferring the technology will not harm Mr. Cox under these circumstances because XY will not to sell, transfer, or encumber the property during the appeals process. XY further asserts that the failure to grant a stay may irreparably harm XY should Mr. Cox sell or transfer the technology to a third party; and if XY were to succeed in its appeal, it would be left without meaningful recourse. In the alternative, XY requests that I set bond in a nominal amount.

I agree with XY that it would be difficult, if not impossible, to require a supersedeas bond in the amount of the judgment in this case. There was no

information introduced at trial concerning the value of the Mulesing Project technology, and the technology is still in the patenting process.  While input from Mr. Cox would be helpful in determining an appropriate alternative to a full supersedeas bond, I note again that Mr. Cox has not filed any response to the motion to stay.  Under these circumstances, I find that it is appropriate to order the conditions proposed by XY in addition to a nominal supersedeas bond.  I find that Mr. Cox's interests will be adequately protected by XY's proposed arrangement.

Therefore, for the reasons set forth here, it is hereby

ORDERED that Defendant XY, Inc.'s Opposed Motion to Stay Execution of Judgment and for Waiver of Supersedeas Bond, filed August 5, 2010 [ECF No. 167] is **GRANTED**.  In accordance therewith, it is

FURTHER ORDERED that execution of the Judgment in this case is **STAYED** pending appeal.  It is

FURTHER ORDERED that during the pendency of XY's appeal, XY shall not sell, transfer, encumber, or otherwise dispose of the Mulesing Project technology and related patent applications.  It is

FURTHER ORDERED that during the pendency of XY's appeal, XY shall keep Mr. Cox apprised of any material developments involving the patent applications.  It is

FURTHER ORDERED that Defendant XY, Inc. shall post a nominal supersedeas bond with the Court in the amount of $10,000.00.  Such bond shall be posted by **Monday, September 13, 2010**.

Dated: September 3, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge